# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN DANIEL QUALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Docket No._____ |
| STATE OF TENNESSEE, DEPT OF SAFETY | ) | |
| AND HOMELAND SECURITY, an agency of | ) | JURY DEMAND(12) |
| the State of Tennessee; TREVOR CASE in his | ) | |
| individual and official capacity as a State Trooper; | ) | |
| AUSTIN ALEXANDER in his individual and | ) | |
| official capacity as a State Trooper; CAITLIN | ) | |
| MEDLING in her individual and official capacity as | ) | |
| a Dispatch Director; and JANE DOE in her individual | ) | |
| and official capacity as a dispatcher for the Tennessee | ) | |
| Highway Patrol, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

This is a civil action arising from the unlawful arrest of Mr. Jonathan D. Qualls on April 10, 2025, that stemmed from a motor vehicle crash on March 30, 2025, which did not involve Mr. Qualls as the driver of the vehicle or as an occupant of the vehicle. The Defendants are sued for violations of Mr. Qualls's rights guaranteed by United States Constitution and Tennessee law resulting from his false arrest and incarceration. In support of this Complaint, Plaintiff Jonathan Qualls states as follows:

1

# I. JURISDICTION AND VENUE

1.      This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, and pendent claims under Tennessee State Law.

2.      Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one year of the filing of this complaint and this Court otherwise has jurisdiction.

# II. PARTIES

3.      The Plaintiff, Jonathan D. Qualls, is a citizen and resident of the United States, domiciled in Robertson County, Tennessee.

4.      Defendant State of Tennessee is the governmental entity which governs and is liable for any malfeasance of the Tennessee Highway Patrol.

5.      Defendant Tennessee Department of Safety is a governmental entity organized under the laws of the State of Tennessee. The Tennessee Department of Safety is an instrumentality of the State of Tennessee. The State may be served through the Commissioner of the Department of Safety & Homeland Security, Jeff Long, at 312 Rosa L. Parks Avenue, Nashville, TN 37243.

6.      Defendant Trooper Trevor Case ("Trooper Case") is and/or was at the time of the incident complained of herein a trooper with the Tennessee Highway Patrol. He is sued in his individual and official capacity for misconduct occurring under color of state law.

2

7. Defendant Trooper Austin Alexander ("Trooper Alexander") is and/or was at the time of the incident complained of herein a trooper with the Tennessee Highway Patrol. He is sued in his individual and official capacity for misconduct occurring under color of state law.

8. Defendants Trooper Case and Trooper Alexander may be served at the headquarters for the Tennessee Highway Patrol located at 1150 Foster Avenue, Nashville, TN 37243.

9. Defendant Caitlin Medling ("Director Medling") is and/or was at the time of the incident complained of herein the director of dispatch for the Tennessee Highway Patrol. She is sued in her individual and official capacity for the negligent hiring and training of employees under color of state law.

10. Defendant Director Medling may be served through the Commissioner of the Department of Safety & Homeland Security, Jeff Long, at 312 Rosa L. Parks Avenue, Nashville, TN 37243.

11. Defendant Jane Doe ("Dispatcher Doe") is and/or was at the time of the incident complained of herein an employee/dispatcher for the Tennessee Highway Patrol. She is sued in her individual capacity for violation of policy and procedures within the scope of her employment.

12. Defendant Dispatcher Doe may be served through the Commissioner of the Department of Safety & Homeland Security, Jeff Long, at 312 Rosa L. Parks Avenue, Nashville, TN 37243.

13. Each and all of the acts of the Individual Defendants and other members of the Tennessee Highway Patrol involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Tennessee, Department of Safety & Homeland Security, under the color

3

of law and by virtue of their authority as law enforcement officers for the Tennessee Highway Patrol and in the course and scope of their employment with the Department of Safety & Homeland Security, the State of Tennessee, and the Tennessee Highway Patrol.

### III. FACTUAL ALLEGATIONS

14. On March 30, 2025, at approximately 23:52 hours, Trooper Case responded to a motor vehicle crash on I-24 in Robertson County, Tennessee.

15. At the date and time of this incident, Plaintiff Jonathan Daniel Qualls was at his residence located at 3521 Pleasant Grove Road, White House, TN 37188.

16. Trooper Case located the vehicle involved in the crash and had direct knowledge of the vehicle's registration.

17. Trooper Case, while on scene, was advised by another member of law enforcement that the driver had been transported to the hospital via ambulance.

18. Trooper Alexander responded to Northcrest Hospital located in Springfield, Tennessee, in Robertson County, Tennessee to make contact with the driver of the vehicle.

19. Both Trooper Case and Trooper Alexander had visual contact with the driver of the vehicle while at Northcrest Hospital.

20. Both Trooper Case and Trooper Alexander acknowledge that their department issued body cameras were on and recording this interaction.

21. Further, Trooper Case and Trooper Alexander would have had access to the driver's Tennessee driver's license and his personal information.

4

22. Further, Trooper Case and/or Trooper Alexander would have logged and verified the driver's personal information through the THP dispatch and Dispatcher Jane Doe.

23. After speaking with the driver, Trooper Case proceeded to the Robertson County Sheriff's Office for the purpose of obtaining a search warrant for the driver's blood.

24. Upon Trooper Case's return to Northcrest Hospital, he was unable to serve or initiate said search warrant due to the driver's release from the hospital.

25. However, Trooper Case was able to obtain arrest warrants based on his visual observations of the driver.

26. Trooper Case obtained arrest warrants for the wrong "Jonathan Qualls" which Trooper Case knew or should have known based on his investigation at the scene of the crash, i.e. the vehicle's registration, and his contact with the driver at Northcrest Hospital.

27. On April 10, 2025, deputies with the Robertson County Sheriff's Office executed said warrants on Plaintiff Qualls based on the incorrect information gathered and obtained by Trooper Case, Trooper Alexander, and Dispatcher Jane Doe

28. Plaintiff Qualls, shocked and bewildered by deputies at his home, was subsequently removed from his home, handcuffed, and transported to the Robertson County jail—all of which occurred in front of his wife and children.

29. Plaintiff Qualls spent several hours in jail; his mugshot was taken and made publicly available for crimes that he did not commit.

30. Plaintiff incurred $2,000.00 in attorney fees, was required to post bond, and had to report said arrest to his employer as a result of said unlawful arrest.

31.     On April 15, 2025, Plaintiff Qualls' attorney, through due diligence, was able to have said criminal charges dismissed and expunged prior to the court date based on the negligent acts of Trooper Case and other named defendants.

32.     Upon information and belief, the Office of Professional Accountability conducted an internal investigation based on Plaintiff Qualls filed complaint.

33.     The results of this internal investigation determined that Dispatcher Jane Doe did in fact violate policy and procedure.

34.     This further shows acquiescence, ratification and deliberate indifference with regard to Trooper Case and Trooper Alexander's outrageous actions during the course of their investigation

35.     Trooper Case, after making initial contact with the actual driver of the vehicle, had no valid legal basis to obtain arrest warrants for Plaintiff Qualls other than through negligence and an improper investigation of the incident.

36.     At all times, Trooper Case and Trooper Alexander were acting under Color of Law as an agent and Officer of the Tennessee Highway Patrol.

37.     Plaintiff Qualls suffered severe emotional distress and loss of enjoyment of life due to the actions of Trooper Case, Trooper Alexander and other named defendants.

38.     The Tennessee Highway Patrol is responsible for the training and conduct of their employees, agents and troopers.

39.     Each of the defendants individually, and in concert with the others acted under color of law in their official capacity, to deprive Mr. Qualls of his rights to freedom from illegal searches and seizure of his person and his right to freedom from unlawful arrest, detention, harm,

6

punishment, and imprisonment; said rights secured to Plaintiff by the Fourth and Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. § 1983 and 1988.

40.     As a direct and proximate result of the intentional, willful and/or recklessly indifferent acts of the defendants, Plaintiff has suffered and sustained mental pain and suffering and injury.

41.     Plaintiff is entitled to compensation for the constitutional harms that the defendants inflicted upon him including emotional distress, loss of liberty, and violation of his constitutional rights.

42.     The Defendant Department of Safety & Homeland Security and the Tennessee Highway Patrol had an existing policy and procedure, and/or failed to properly train and/or improperly supervised its officers as to same. This constitutes an actionable cause against the State of Tennessee and the Department of Safety & Homeland Security in violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution of the United States.

43.     The above-described deprivations of Plaintiffs constitutional rights are a direct and proximate result of the actions, omissions, policies, and customs of Defendant Department of Safety & Homeland Security and all Defendants who knew or should have known that the policies, customs, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons.

## <u>COUNT I</u>

Fourth Amendment—Unlawful Seizure—Arrest without Probable Cause

44.    The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-43 herein.

45.    In committing the acts complained of herein, Defendants acted under of color of state law to deprive Mr. Qualls of certain constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to the right to be free from unreasonable searches and seizure, the right not to be deprived of liberty without due process of law, the right not to be deprived of property without due process of law, and the right to be free from false arrest by persons acting under color of state law.

46.    In violating Mr. Qualls's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unlawful seizure of Mr. Qualls. Further, Defendants lacked reasonable suspicion and probable cause to arrest Mr. Qualls on said falsely obtained warrants.

47.    The acts of Trooper Case violated Mr. Qualls's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

48.    The acquiescence, ratification and deliberate indifference of the Department of Safety & Homeland Security and therefore, State of Tennessee, as to Trooper Case's and other defendants' actions, violated Mr. Qualls's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

49.    Plaintiff Qualls suffered damages associated with his arrest including but not limited to bail fees and legal fees.

8

50. The Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

51. As a direct and proximate result of the acts and omissions of Trooper Case and other named defendants, Plaintiff Qualls suffered a violation of his constitutional rights, harm to his reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

WHEREFORE, the Plaintiff, Mr. Qualls seeks judgment against Trooper Case, Trooper Alexander and the Department of Safety & Homeland Security in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

## COUNT II

False Arrest as to Trooper Case and Trooper Alexander

52. The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-51 herein.

53. To establish a state-law claim for false arrest and imprisonment, a plaintiff must prove: (1) a detention or restraint against the plaintiff's will; (2) the unlawfulness of such detention or restraint.

54. False imprisonment requires that a defendant must have acted without probable cause.

55. For substantially the same reasons stated above as to the preceding Fourth Amendment claim, the Defendant falsely arrested and falsely imprisoned the Plaintiff.

56. As previously discussed, Plaintiff Qualls was not the driver of the vehicle, nor was he the subject of the investigation.

9

57.     Trooper Case violated the Plaintiff's rights by obtaining arrest warrants for the wrong person and Plaintiff Qualls subsequent arrest, against his will, and without probable cause to believe that he was driving the vehicle that crashed and he initially investigated.

58.     A reasonably, well-trained officer would have checked and confirmed the initial information that he/she was privy to during the course of said investigation and observation.

59.     A reasonable person in Plaintiff's position would not have felt free to leave.

60.     The seizure was made without probable cause and without legal process.

61.     The aforesaid acts of Trooper Case and other named defendants were taken within the scope of their employment with the Department of Safety & Homeland Security and the Tennessee Highway Patrol.

62.     The unlawful acts of the named defendants were the direct, proximate cause of Mr. Qualls's injuries.

WHEREFORE, the Plaintiff, Mr. Qualls seeks judgment against the above-named defendants in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

## <u>COUNT III</u>

Common Law—Negligent Infliction of Emotional Distress as to Trooper Case and

Dispatcher Jane Doe

63.     The Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-62 herein.

64.     The actions or inactions of Trooper Case in this case have inflicted emotional distress on the Plaintiff.

65. The conduct of Trooper Case, Trooper Alexander, and Dispatcher Jane Doe was negligent and caused Mr. Qualls harm and/or severe emotional distress.

66. Trooper Case and Dispatcher Jane Doe breached a duty to Mr. Qualls to use due care in the performance of their duties before obtaining inaccurate arrest warrants, the subsequent detention and restricting the liberty of Mr. Qualls or any citizen.

67. Defendants' actions were the proximate cause of Mr. Qualls's emotional distress and suffering by subjecting him to the embarrassment and humiliation of an unlawful arrest, processing at the Robertson County Jail and further acts of mental anguish by publication and through the course of further proceedings.

68. The negligent acts of Defendants were taken within the scope of their employment by the Department of Safety & Homeland Security and the Tennessee Highway Patrol.

WHEREFORE, the Plaintiff, Mr. Qualls seeks judgment against the above-named defendants in an amount to be determined by a jury for compensatory and punitive damages, plus attorney fees and costs.

**PRAYER FOR RELIEF**

A. That process be issued to the Defendants and that they be required to answer in the time required by law;

B. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein;

C. That Plaintiff be awarded those damages to which it may appear that he is entitled by proof submitted in this case for his mental pain and suffering both past and future, loss of

11

enjoyment of life, and the violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States;

D. Compensatory damages of at least One Hundred Fifty Thousand Dollars ($150,000.00) or such other amount supported by the evidence at trial;

E. Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this Complaint;

F. That as to all Defendants that the Plaintiff be awarded reasonable expenses including reasonable attorney's fees, expert fees, court costs, and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c);

G. Pre- and post-judgment interest at the legal rate; and

H. That Plaintiff receives any other further and general relief to which it may appear that he is entitled;

I. That a jury of twelve (12) is demanded.

Respectfully submitted,

*/s/ Mark E. Atchison*
**Mark E. Atchison, BPR# 037213**
BAKER LAW GROUP, PLLC
9 Court Square | P.O. Box 250
Charlotte, TN 37036
(615) 789-3164
(615) 789-6390- fax
mark@bakerlawgrp.com
*Attorney for Plaintiff*

12